# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 21-20518

v.                                    Judith E. Levy
                                    United States District Judge

Joseph Michael Mosack,

                Defendant.

_____/

## ORDER DENYING DEFENDANT'S PETITION UNDER 28 U.S.C. § 2255 TO VACATE SENTENCE [50]

Before the Court is *pro se* Defendant Joseph M. Mosack's petition under 28 U.S.C. § 2255 to vacate his sentence. (ECF No. 50.)[1]

For the reasons set forth below, Defendant's petition under 28 U.S.C. § 2255 (ECF No. 50) is denied.

---

[1] Defendant's petition is stylized as a "petition to vacate conviction and dismiss indictment pursuant to 28 USC 2255, the due process clause of the Fifth Amendment and the Sixth Amendment." (ECF No. 50, PageID.347.) However, 28 U.S.C. § 2255 does not provide a basis to dismiss the indictment. Instead, it permits the Court to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As set forth in 28 U.S.C. § 2255(b), the Court may "vacate and set the judgment aside" and may "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."

## I. Background

On April 24, 2022, Defendant pled guilty to Counts One and Five of the Indictment. (ECF No. 34, PageID.82, 106.) Count One charged Defendant with sexual exploitation of children under 18 U.S.C. § 2251(a) and (e), and Count Five charged Defendant with possession of child pornography in violation of 18 U.S.C. § 2242A(a)(5)(B) and (b)(2). (*Id.* at PageID.82.) Defendant was sentenced on November 10, 2022, to 228 months in custody and fifteen years of supervised release. (ECF No. 48.) Defendant did not file a notice of appeal in this case.

On February 4, 2025, Defendant filed this petition under 28 U.S.C. § 2255. (ECF No. 50.) In his petition, Defendant argues that he was "prejudiced" by his attorney's "failure to investigate" his competency at the time of his offenses. (*Id.* at PageID.348–349.)

The Government filed a response to Defendant's petition on April 10, 2025. (ECF No. 59.) Defendant did not file a reply.

## II. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, an inmate in federal custody who files a motion to vacate, set aside, or correct his sentence must demonstrate "that the

sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Shaw v. United States*, 604 F. App'x 473, 476 (6th Cir. 2015) (quoting 28 U.S.C. § 2255(a)).

"A motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citing *United States v. Addonizio*, 442 U.S. 178, 185–86 (1979)).

### III. Analysis

Defendant's petition is untimely. 28 U.S.C. § 2255(f) sets forth the period of limitations. It states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Defendant's judgment was entered on November 10, 2022. (ECF No. 48.) Therefore, Defendant's conviction became final on November 24, 2022, fourteen days after it was entered. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) (stating that the judgment "becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals"); Fed. R. App. P. 4(b)(1)(A). As such, Defendant filed his petition over two years and two months late. (ECF No. 50.)

There is no indication that Defendant is entitled to equitable tolling of the § 2255 statute of limitations. "A petitioner is entitled to equitable tolling 'only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way

4

and prevented timely filing.'" *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631 (2010)). Here, Defendant does not address his untimeliness in his petition (*id.*), nor does the Court have the benefit of a reply. As such, there is no indication that either situation is present and would thus warrant equitable tolling of the one-year statute of limitations described in § 2255(f)(1).[2]

The Court also recognizes that an untimely motion pursuant to § 2255 may be considered if the petitioner "makes a proper showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). To the extent that the defense of insanity can constitute a claim of actual innocence, *see Nobles v. Cason*, No. 01-CV-73352-DT, 2002 WL 35656426,

---

[2] Further, there is no indication that the limitation period should begin later due to reasons described in 28 U.S.C. § 2255(f)(2)–(4). Defendant argues that his attorney should have investigated his competency at the time he committed the offenses, and that Defendant may have lacked competence at that time because he was receiving an "ever increasing dosage of Norco pills" from a doctor due to Defendant's health issues. (ECF No. 50, PageID.348 (emphasis omitted).) Defendant's argument does not suggest that he faced an "impediment to making a motion created by governmental action," that he asserts a "newly recognized" right, or that the facts at issue are new and could not have been discovered until now. *See* 28 U.S.C. § 2255(f)(2)–(4).

at *3 (E.D. Mich. Apr. 26, 2002), Defendant has not made a showing of actual innocence.

A habeas petitioner making a showing of actual innocence must "persuade[ ] the district court that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggins*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Defendant does not present any new evidence that establishes his lack of competence at the time of the offenses. He states broadly that he took "Norco pills," but does not describe with particularity when he was incapacitated, what the dosage was, or how or why this medication would have impacted his cognition. Defendant describes his surgery on August 10, 2021, as evidence that his health problems "had become exacerbated at the time of the offensive incident," (ECF No. 50, PageID.349), but, as described in the signed plea agreement and at the plea hearing, Defendant committed one offense on November 17, 2019, nearly two years before the surgery. (ECF No. 34, PageID.86; ECF No. 58, PageID.392.) Finally, Defendant's records of his medical exam on April 14, 2023, do not demonstrate that he was legally

6

incompetent at the time he committed these offenses. (ECF No. 50, PageID.352–356.)

## IV. Conclusion

Accordingly, Defendant's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 50) is DENIED.

IT IS SO ORDERED.

Dated: October 9, 2025       s/Judith E. Levy
   Ann Arbor, Michigan      JUDITH E. LEVY
                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 9, 2025.

                                       s/William Barkholz
                                       WILLIAM BARKHOLZ
                                       Case Manager